UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER,<br>CDCR #K19763,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DELGADO, C/O, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-02110-RBM-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES**<br><br>**[Doc. 2]** |

Plaintiff Claudie Tyler, who is proceeding pro se and is currently housed at Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983 claiming the Defendants have violated his Eighth Amendment rights. (*See* Doc. 1 ("Compl.").) He has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has filed a Motion to Proceed *In Forma Pauperis* ("IFP").

**I.　Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee, however, if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  In support of this affidavit, the Prison Litigation Reform Act ("PLRA") also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

While Plaintiff has filed a Motion to Proceed IFP, he has not attached a certified copy of his CDCR Inmate Statement Report for the 6-month period immediately preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2.  Without the certified trust account statement, the Court cannot assess the appropriate amount of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

initial filing fee which may be statutorily required to initiate the prosecution of this case, and his case may not yet proceed. *See* 28 U.S.C. § 1915(b)(1).

## II.     Conclusion and Order

Accordingly, the Court:

(1)     **DENIES** Plaintiff's Motion to Proceed IFP (Doc. 2) and **DISMISSES** the action without prejudice for failure to prepay the $405 civil filing fee required by 28 U.S.C. § 1914(a);

(2)     **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open his case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed Motion to Proceed IFP, which includes a prison certificate, signed by a RJD trust accounting official attesting as to his trust account balances and deposits, and/or a certified copy of his CDCR Inmate Statement Report for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and

(3)     **DIRECTS** the Clerk of the Court to mail Plaintiff a court-approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his use and convenience.[2] If Plaintiff neither pays the $405 civil filing fee in full nor sufficiently completes and files a renewed Motion to Proceed IFP together with a certified copy of his

---

[2] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported Motion to Proceed IFP, his Complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $405 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

6-month trust account statements within 45 days, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated:  February 20, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE